**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| Michael Eric Hornes, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-2190 (RMU) |
| | : | | |
| v. | : | Document No.: | 18 |
| | : | | |
| Executive Office for | : | | |
| United States Attorneys, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING IN PART AND DENYING IN PART THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a, the plaintiff challenges the Executive Office for United States Attorneys' ("EOUSA") responses to his FOIA request for records pertaining to himself and his PA request for an accounting of previous disclosures of such information. The Department of Justice, of which the EOUSA is a component, moves to dismiss the FOIA claim pursuant to Fed. R. Civ. P. 12(b)(1) and for summary judgment on the PA claim. Upon consideration of the parties' submissions and the entire record, the court grants summary judgment on the PA claim and denies the motion to dismiss the FOIA claim.

## II.  BACKGROUND

On December 14, 2003, the plaintiff requested from the EOUSA all records "under my name and/or identifier to my name," including bond information pertaining to his criminal prosecution in the Superior Court of the District of Columbia.  The plaintiff further requested information pertaining to the disclosure, if any, of such information to "Governmental" bodies.  Defs.' Motion to Dismiss and Motion for Partial Summary Judgment, Decl. of John F. Boseker ("Boseker Decl."), Ex. A.  On January 23, 2004, the EOUSA acknowledged the request by letter, assigned a FOIA request number, and denied the PA request on the basis that its criminal case files are exempt from the PA's accounting disclosure requirements.  Defs.' Ex. B (citing 5 U.S.C. § 552a(j) and (k)).  The letter further informed the plaintiff of his right to appeal the decision to the Office of Information and Privacy ("OIP"), which the plaintiff did by letter of March 5, 2004.  Defs.' Ex. C.  On March 31, 2004, the OIP sent the plaintiff a letter denying the plaintiff's appeal because the EOUSA had not rendered an initial determination on the FOIA request.  Defs.' Ex. D.  The OIP made no reference to the denial of the PA request.

On November 18, 2004, the EOUSA responded to the FOIA request.  It released to the plaintiff 42 complete pages of material and five redacted pages, and it withheld another 101 complete pages.  The EOUSA informed the plaintiff that it had located no records responsive to his request for bond information and that the plaintiff could obtain relevant public records from the clerk of the court or from the EOUSA upon a separate request.  Defs.' Ex. E.  The EOUSA withheld records under FOIA exemptions 5, 7(C) and 7(D).  *Id*.  The letter further informed the plaintiff of his administrative appeal rights.  The EOUSA has no record of the plaintiff's appeal.  Boseker Decl. ¶ 14.  The plaintiff formally filed this suit on December 20, 2004.

## III.   ANALYSIS

As an initial matter, the defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on the ground that the plaintiff failed to exhaust his administrative remedies. The FOIA's exhaustion requirement is not jurisdictional. *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003). Rather "as a jurisprudential doctrine, [the] failure to exhaust [generally] precludes judicial review." *Id*. at 1258-59 (citation omitted). Thus, a dismissal for failure to exhaust is properly entered pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. *See id*. at 1260 (remanding with instructions for the district court to dismiss the unexhausted complaint under Rule 12(b)(6)). Because the resolution of the exhaustion question under Rule 12(b)(6) will require consideration of matters beyond the pleadings, the court will apply the standard for summary judgment to both the FOIA and PA claims. *See* Fed. R. Civ. P. 12(b)(6) (conversion clause); Order of June 8, 2005 (advising the plaintiff about his obligations in responding to a summary judgment motion).

### A.   Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could

establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

### B. The Court Denies the Defendants' Motion for Summary Judgment as to the Plaintiff's FOIA Claim

The EOUSA seeks dismissal of the FOIA claim on the ground that the plaintiff failed to exhaust his administrative remedies. In a letter to the plaintiff dated November 18, 2004, the EOUSA released responsive records, explained why it was withholding other records, and

informed the plaintiff of his right to appeal the determination to the OIP within sixty days from the date of the letter.  Defs.' Ex. E.  The District of Columbia Circuit has interpreted the FOIA's exhaustion provisions as "requiring the completion of the administrative appeal process before courts become involved, if the agency has responded to the request before suit is filed."  *Oglesby v. Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990).  Such a requirement exists "to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review."  *Wilbur v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004) (citing *Hidalgo*, 344 F.3d at 1259) (other citations omitted).  The court need not dismiss a FOIA claim for failure to exhaust if the "purposes and policies underlying the exhaustion requirement" would not be undermined by reaching the merits.  *Id*.

The plaintiff does not contest that he did not file an administrative appeal.  Rather, he argues that the court should deem him to have exhausted his administrative remedies because of the EOUSA's delay in responding to his request.  *See* Pl.'s Cross-Motion in Opposition to Defendant(s)' Motion to Dismiss . . . Declaration . . . Etc., Motion to Compel Specific Performance, Notice of Clerical Errors and Affidavit ("Pl.'s Opp'n") [Dkt. No. 20] at 3 (ellipses in original).  Under the FOIA, an agency must "determine within twenty [business] days after the receipt of [a] request whether to comply with such request" and notify the requester of the determination and his appeal rights.  5 U.S.C. § 552(a) (6)(A)(i).  A FOIA requester may "bring suit in federal district court [] if he has not yet received a determination from the agency" within the time permitted by statute.  *Oglesby*, 920 F.2d at 71.  "By virtue of a special provision virtually unique to FOIA, exhaustion is complete – for purposes of allowing recourse to the

courts – on the expiration of specified deadlines." *Spannaus v. U.S. Dept. of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987).  A FOIA requester is "deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a) (6)(C)(i).  But, "an administrative appeal is mandatory if the agency cures its failure to [timely] respond by responding to the FOIA request before suit is filed." *Oglesby*, 920 F.2d at 64.  To trigger the appeal requirement, the "response is sufficient . . . if it includes: the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the [requester's] right to appeal." *Id*. at 65.

  At issue is whether the EOUSA cured its untimely response before the plaintiff is deemed to have filed this lawsuit.  The plaintiff has presented evidence of his attempt to lodge his complaint in mid-October 2004 and the court's return of his papers as deficient for filing.  Pl.'s Opp'n, Exs. 5, 6.  The court directed the plaintiff to complete an application to proceed *in forma pauperis* and to "return all paper work to Room 1225."  Pl.'s Ex. 6 (Order, Oct. 20, 2004).  The record shows that the clerk stamped the plaintiff's application to proceed *in forma pauperis* as received on November 8, 2004.  *See* Dkt. No. 2 at 2.  The court granted the application on November 24, 2004 [Dkt. No. 4].  Inexplicably, the complaint was formally filed nearly one month later, on December 20, 2004.

  The court takes judicial notice of the administrative delay, as illustrated here, that occurs when a complaint is submitted with an *in forma pauperis* application.  The complaint is not formally filed until the court has granted leave for the plaintiff to proceed *in forma pauperis*.  Fairness dictates that the litigant cannot be held responsible or penalized for such delay.  Thus, "[f]or the purpose of determining whether the plaintiff [filed suit] before the defendant responded

6

to the plaintiff's FOIA request . . . , the filing date is the date the plaintiff lodged his complaint and application to proceed *in forma pauperis*. *McCall v. United States Marshals Serv.*, 36 F. Supp. 2d 3, 5 (D.D.C. 1999) (citation and internal quotation omitted); *see also, e.g., Guillen v. Nat'l Grange*, 955 F. Supp. 144, 145 (D.D.C. 1997) (a Title VII litigant is "not responsible for the administrative delay associated with the [c]ourt's review of petitions to proceed *in forma pauperis* . . . the presentation of a complaint [and] a petition to proceed *in forma pauperis* tolls the ninety-day period of limitations . . . "); accord *Washington v. White*, 231 F. Supp. 2d 71, 75-76 (D.D.C. 2002) (citing cases). Because the record establishes that the plaintiff lodged his complaint with the court before the EOUSA rendered its decision, the plaintiff is deemed to have exhausted his administrative remedies. Accordingly, the court denies the EOUSA's motion for summary judgment as to the plaintiff's FOIA claim and directs the EOUSA to address the merits of this claim.

### C. The Court Grants the Defendants' Motion for Summary Judgment as to the Plaintiff's Privacy Act Claim

The plaintiff requested the EOUSA's accounting of any disclosures it made of his records. The PA provides that

> [e]ach agency, with respect to each system of records under its control, shall--
> (1) except for disclosures made under subsections (b)(1) or (b)(2) of this section, keep an accurate accounting of–
> (A) the date, nature, and purpose of each disclosure of a record to any person or to another agency made under subsection (b) of this section; and
> (B) the name and address of the person or agency to whom the disclosure is made;
> (2) retain the accounting made under paragraph (1) of this subsection for at least five years or the life of the record, whichever is longer, after the disclosure for which the accounting is made;
>
> <u>(3) except for disclosures made under subsection (b)(7) of this section, make the accounting made under paragraph (1) of this subsection available to the individual named in the record at his request</u>; and

7

>   (4) inform any person or other agency about any correction or notation of dispute made by the agency in accordance with subsection (d) of this section of any record that has been disclosed to the person or agency if an accounting of the disclosure was made.

5 U.S.C. § 552a(c) (emphasis added). The EOUSA denied the request on the basis that its criminal case files were exempt from the foregoing access provision "by virtue of 5 U.S.C. § 552a(j) and (k)." Boseker Decl. ¶ 8, Ex. B. The PA authorizes "[t]he head of any agency [to] promulgate rules . . . to exempt any system of records within the agency from any part of this section except subsections (b), (c)(1) and (2) . . . if the system of records is . . . maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws. . . ." 5 U.S.C. § 552a(j)(2). The EOUSA avers that the accounting the plaintiff seeks pertains to the "EOUSA's system of records entitled United States Attorney, District of Columbia Superior Court Division, Criminal Files . . . ." Boseker Decl. ¶ 8. The EOUSA has specifically exempted its system of "Criminal Case Files" from the disclosure requirements of subsection (c)(3). 28 C.F.R. § 16.81(a). Accordingly, the EOUSA is entitled to judgment as a matter of law on the PA claim.

## V.    CONCLUSION

For the foregoing reasons, the court denies the defendants' motion for summary judgment as to the plaintiff's FOIA claim and grants the defendants' motion for summary judgment as to the plaintiff's PA claim.  In addition, the court orders the defendants to address the merits of the plaintiff's FOIA claim within thirty days of the court's order.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 27th day of September, 2006.

RICARDO M. URBINA<br>
United States District Judge