**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| Michael Eric Hornes, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-2190 (RMU) |
| | : | | |
| v. | : | Document No.: | 32 |
| | : | | |
| | : | | |
| Executive Office for | : | | |
| United States Attorneys, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I.   INTRODUCTION**

In what remains of this action brought under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a, the plaintiff challenges the Executive

Office for United States Attorneys' ("EOUSA") responses to his FOIA request for records

pertaining to himself.  *See* Order (Sept. 27, 2006) (dismissing the PA claim).  The Department of

Justice, of which the EOUSA is a component, moves for summary judgment.  Upon

consideration of the parties' submissions and the parts of the record relevant to the FOIA claim,

the court grants the defendant's motion for summary judgment.

**II.   BACKGROUND**

On December 14, 2003, the plaintiff requested from the EOUSA all records "under my

name and/or identifier to my name," including bond information pertaining to his criminal

prosecution in the Superior Court of the District of Columbia.  The plaintiff further requested

information pertaining to the disclosure, if any, of such information to "Governmental" bodies.

Def.'s Mot. to Dismiss and Mot. for Partial Summ. J. ("Def.'s Mot.") [Dkt. No. 18], Decl. of

John F. Boseker ("Boseker Decl."), Ex. A.  On January 23, 2004, the EOUSA acknowledged the

request by letter, assigned a FOIA request number, and denied the PA request on the basis that its

criminal case files are exempt from the PA's accounting disclosure requirements.  Def.'s Mot.

Ex. B (citing 5 U.S.C. § 552a(j) and (k)).

On November 18, 2004, the EOUSA responded to the FOIA request.  It released to the

plaintiff 42 complete pages of material and five redacted pages, and it withheld another 101

complete pages.  The EOUSA informed the plaintiff that it had located no records responsive to

his request for bond information and that the plaintiff could obtain relevant public records from

the clerk of the court or from the EOUSA upon a separate request.  Def.'s Mot. Ex. E.  The

EOUSA withheld records under FOIA exemptions 5, 7(C) and 7(D).  *Id*.

Following the court's initial ruling denying the defendant's motion for summary

judgment as to the plaintiff's FOIA claims, Mem. Op. (Sept. 27, 2006), the EOUSA released on

November 21, 2006, an additional 15 previously withheld pages of material, 10 of which

contained redactions.  Def.'s Renewed Mot. for Summ. J. ("Def.'s Renewed Mot.") [Dkt. No.

32], Third Decl. of John F. Boseker ("3rd Boseker Decl."), Ex. S-1.  The release letter also

informed the plaintiff about an error that was made in the initial calculation of pages withheld in

full "due to the inadvertent inclusion of search-generated non-responsive materials in that count."

*Id*.  In all, the EOUSA released 47 complete pages of material and 15 redacted pages; it withheld

another 66 complete pages.  *Id*.

### III.   ANALYSIS

#### A.   Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.* In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993). Rather, the nonmoving party must present specific facts that

would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

The FOIA mandates full public disclosure of agency records unless the requested records "fall squarely" within one or more of the nine statutory exemptions. *Washington Post Company v. United States Dep't of Agriculture,* 943 F. Supp. 31, 33 (D.D.C. 1996) (*quoting Burka v. United States Dep't of Health and Human Services*, 87 F.3d 508, 515 (D.C. Cir. 1996)). The court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). An agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied,* 445 U.S. 927 (1980) (internal citation and quotation marks omitted).

### B.    The Court Grants the Defendant's Motion for Summary Judgment

The EOUSA withheld responsive material under FOIA exemptions 2, 7(C), 7(D) and 7(F), and section (j)(2) of the Privacy Act, 5 U.S.C. § 552a. Def.'s Renewed Mot. Ex. S-1. The defendant properly justifies the nondisclosure of responsive records under the Privacy Act. *See*

3rd Boseker Decl. ¶ 7. The Privacy Act does not bar the disclosure of documents that are

otherwise required to be disclosed under the FOIA. 5 U.S.C. § 552a (b)(2); *see Greentree v. U.S.*

*Customs Serv.*, 674 F.2d 74, 79 (D.C. Cir. 1982).

The plaintiff contends that the defendant released records that he did not request and

failed to produce records relevant to what he did request, namely, information pertaining to

"criminal bonds." Pl.'s Opp.'n [Dkt. No. 38] at 3-4, 6-7. The plaintiff has not challenged, and

therefore has conceded, the defendant's bases for withholding information from the released

records.

Because the defendant withheld 66 pages of material in full, the court must consider

whether any nonexempt information contained in those pages could have been segregated from

the exempt information and released. *See Trans-Pacific Policing Agreement v. U.S. Customs*

*Serv.*, 177 F.3d 1022, 1027 (D.C. Cir. 1999). Mr. Boseker avers that upon the "review[] and re-

review," of each document, it was determined that "[t]he documents withheld in their entirety

contained no meaningful portions that could be released without destroying the integrity of the

document or . . . identifying third party individuals or information provided [confidentially]."

3rd Boseker Decl. ¶ 26. The document descriptions and correlating exemptions provided in the

*Vaughn* index attached to the Boseker declaration substantiates this claim. *See id.*, Doc. No. 4

(50 pages of third-party letters); Doc. No. 8 (16 pages of local law enforcement agency reports).

The court determines that the defendant properly withheld the 66 complete pages of material.

The plaintiff's opposition raises the question of whether the defendant conducted an

adequate search for records. An agency is entitled to summary judgment if it establishes "beyond

material doubt [] that it conducted a search reasonably calculated to uncover all relevant

documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and  . . .  submitted in good faith." *Id*. (citations and quotations omitted).  The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); accord *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).  "If the requester produces countervailing evidence placing the sufficiency of the identification or retrieval procedures genuinely in issue, summary judgment is inappropriate." *Spannaus v. Cent. Intelligence Agency*, 841 F. Supp. 14, 16 (D.D.C. 1993) (*citing Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)).  In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness. *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).  An agency is required to produce only those records in its custody and control at the time of the FOIA request. *McGehee v. Cent. Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).

The plaintiff challenges the EOUSA's declaration as "insufficient" because it is neither an affidavit nor based on the declarant's first-hand knowledge.  Pl.'s Opp'n at 9-13. Inexplicably, the plaintiff did not object to Mr. Boseker's previous declaration or the court's citing of it in its initial ruling. *See* Mem. Op. at 2, 8.  To the extent that this challenge is not waived, it is without merit.  The defendant rightly asserts that declarations provided, as here, under penalty of perjury are permitted by federal law, 28 U.S.C. § 1746, and this court's Local Civil Rule 5.1(h).  As for the declarant's competency to testify about the matters at hand, Mr.

Boseker states that as an EOUSA Attorney Advisor, he is responsible for assuring the EOUSA's

compliance with the FOIA and Privacy Act by, among other duties, making final disclosure

determinations and "reviewing requests for records sought from EOUSA and/or the 94 United

States Attorneys offices . . . reviewing [the resulting] searches . . . and reviewing [the] responses

made to those requests."  Decl. of John F. Boseker [Dkt. No. 18-3]  ¶¶ 3-4.  Mr. Boseker's

statements are based on his personal knowledge, his review of EOUSA's official files and

records and information that he "acquired in performing [his] official duties." *Id*. ¶ 5.

Declarations provided by similarly situated officials have long been recognized as acceptable in

FOIA cases. *See SafeCard Servs., Inc. v. S.E.C.*,  926 F.2d 1197, 1201 (D.C. Cir. 1991) (*citing*

*Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir.1986)) (finding the person in charge of the

search to be "the most appropriate person to provide a comprehensive affidavit").

Turning to the search, staff at the Office of the United States Attorney for the District of

Columbia, which prosecuted the plaintiff's criminal case and is the most likely location of

responsive records, "conducted a systematic search [of the] computer case tracking systems"

using plaintiff's name and, "where available as a field, [his] criminal case number."  3rd Boseker

Decl. ¶ 6.  The databases searched included the Washington Area Law Enforcement System, the

National Crime Information Center, the Department of Corrections, the Legal Information Office

Network System and Superior Court. *Id*.  The plaintiff's criminal case file was retrieved from

the Federal Records Center and forwarded to the EOUSA for processing.  "Upon review of these

records, none of the requested bond information was found." *Id*.

"[T]he adequacy of a FOIA search is generally determined not by the fruits of the search,

but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller*

*of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (*citing Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)).  The EOUSA has demonstrated that it conducted an adequate search for the requested information.  Because the plaintiff has not countered with any countervailing evidence of inadequacy or bad faith, the defendant is entitled to judgment as a matter of law.

## IV.   CONCLUSION

For the foregoing reasons, the court grants the defendant's renewed motion for summary judgment as to the plaintiff's FOIA claim.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of May 2007.

RICARDO M. URBINA
United States District Judge